G-holson, J.
Personal property has been said to have no situs, but to follow the domicile or person of the owner. Thus, in case of intestacy, the law of the place where the owner of personal property had his domicile governs its distribution, wherever it may be situate; -and in case of a transfer of personal property valid by the law of the place whore it is made, effect will be given to it in the place where the property in fact exists, unless some policy of the local law be infringed. But this principle properly applies only where the claim of the owner ceases, as in case of intestacy, by dekth, or where, by his voluntary agreement, he has parted with his claim. It has no proper application where an attempt is made to take the property from him ^against his consent. *114 The rules of law on this subject are clearly expressed in a case decided in the state in which the proceedings were had upon the effect of which we are to decide: “ The general principle is fully and unequivocally settled that personal property is transferable according to the law of the country where the owner is domiciled. A transfer of personal property, therefore, good by the law of the owner’s domicile, or by.the laws of the place where it is made, is valid wherever the property may be situate.” Frazier v. Fredericks, 4 Zab. 162, 166, citing Story Confl. Laws, secs. 393, 384; 2 Kent’s Com. 454; Varnum v. Camp, 1 Green, 329. Et vid. Thomson v. Adv. Gen., 12 Cl. & Fin. 1; Bunbury v. Bunbury, 1 Beav. 320, 328; Black v. Zachaire, 3 How. U. S. 483. “ The principle applies to a voluntary conveyance of property by the owner, not to a conveyance by operation of law. An assignment by law has no legal operation out of the territory of the law-maker. Such, at least, is conceded to be the decided weight of American authority.” 4 Zab. 166, citing Milne v. Morton, 6 Binn. 361; Blake v. Williams, 6 Pick. 307; Holmes v. Remsen, 20 Johns. 266; Story Confl. Laws, sec. 410; 2 Kent’s Com. 406. Et vid. Speed v. May, 17 Penn. St. 91; Booth v. Clark, 17 How. 322; Hoyt v. Thompson, 1 Seld. 320, 353; S. C., 19 N. Y. 207.
It appears to be generally conceded that, as a matter of comity :an assignee in bankruptcy or under insolvent proceedings may, in .another jurisdiction, the claims of creditors in that jurisdiction not ■interfering, sue to recover the personal property of the bankrupt ■or insolvent. A suit for such purpose, whether allowed in the name of the bankrupt or of the assignee, when commenced by the as.-signee, ought not to be defeated by the act or release of the bankrupt. Holmes v. Remsen, 20 Johns. 229, 267; Abraham v. Plestboro, 3 Wend. 539, 550, 551; Hoyt v. Thompson, 1 Seld. 320, 340; S. C., 19 N. Y. 207-226. It would seem to follow that property which might be recovered by suit, might be obtained by the assent or agreement of the *parties. interested. Bank of Augusta v. Earle, 13 Pet. 519, 591. Upon these principles, if the claimant under the proceedings in attachment stood in the position of the ■assignee of a bankrupt, or of a receiver of an insolvent company -or corporation, a settlement made with the debtor might present -plausible grounds for its enforcement. But in the class of cases in ■which this comity has been exercised, there was jurisdiction over «the person, which has been regarded as giving the assignee or re *115 coiver a quasi authority, even beyond the jurisdiction of the court ajDpointing him as the agent and representative of the owner of the property. The very foundation of the principle assumes that there was jurisdiction over the person, and it is in no respect based upon a jurisdiction over the thing.
It thus appears that whether this application of the principle of comity be correct or not, it has no bearing upon the present case. We have here no jurisdiction over the person—such proceedings in attachment as the present very clearly lay no foundation out of the jurisdiction in which they arc instituted, for any persbnal claim, or for any claim which supposes a personal authority proceeding from the party against whom they are directed. Out of that jurisdiction the proceedings can only be regarded as proceedings against property, and property not within the jurisdiction can not be affected. It is a fundamental principle, that no man is to be deprived of his property without his consent or by due process of law. To constitute due process of law, and make it effectual to change the title to property, there must be jurisdiction over the person of the owner, or over his property.
We are brought, then to the simple question whether the promissory notes given for a debt, being in New Jersey, and the makers of the notes, or the debtors, residing in Ohio, the property was in New Jersey or in Ohio? In substance, there is a sum of money in the hands of one man, to which another has title or claim, and the evidence of *that title or claim is a j>romise in writing to pay the money. Upon principle, it would seem clear that the subject-matter to which the title or claim relates is the property, and not the evidence showing the title or claim.
This question has arisen in cases involving the jurisdiction to grant administration or letters testamentary. Of such cases it has been said: “ As to the locality of many descriptions of effects, household and movable goods, for instance, there never could be any dispute; but to prevent conflicting jurisdictions between different ordinaries, with respect to choses in action and title to property, it was established as law that judgment debts were assets, for the purpose of jurisdiction, where the judgment is recorded; leases where the land lies; specialty debts where the instrument happens to bo; simple contract debts where the debtor resides at the time of the testator’s death; and it was also decided that, as bills of exchange and promissory notes do not alter the nature of the simple
*116 contract debts, but are merely evidences of title, the debts due on these instruments were assets where the debtor lived, and not where the instrument was found.” Attorney-General v. Bouwens, 4 M. & W. 171-191.
The payee of a promissory note has a property vested in him, but it is in action, not in possession. 2 Bla. Com. 468. It consists in the contract of the maker, and this contract has been said to differ from other contracts in two important particulars: 1. It is assignable, whereas a chose in action at common law is not; and, 2. The instrument itself gives a right of action, for it is presumed to be given for value, and no value need be alleged as a consideration for it. Foster v. Dawber, 6 Exch. 839, 853. This difference may lead to the idea that there is property in the evidence of the contract; but really the contract constitutes the property-—it is property in action. The thing in action has peculiarities which distinguish it from other things in action, but it is still, in law, a thing in action.
*The effect of a seizure of a note under process of law, can gain no force from the rules of the commercial law, which rules are only intended to regulate the right of j>arties depending upon their voluntary acts and agreements. The seizure of a note payable to bearer, or indorsed in blank, would not constitute the officer an indorsee or holder in the commercial sense of those terms. The officer would hold under the statute giving him the authority to seize, and not by contract. He would have the rights which that statute gave, and not those of an indorsee, or holder, in the usual course of business. It might happen that a subsequent holder of a note payable to bearer, or indorsed in blank, seized by an officer and put in circulation, would have the right to enforce its payment. But it would be upon the same principle, that a note of like description, lost or stolen, might be a valid claim in the hands of an innocent holder. No such principle applies in this case. The notes were payable to order, and not indorsed by the payee, but were assigned by a writing on the notes, in such a way as to show clearly the origin of the title.
In accordance with these views, we feel bound to come to the conclusion, that the proceedings in attachment, in,New Jersey, have not divested the plaintiff of the right to recover the debt due to him from a resident in this state, and secured by a mortgage upon property in this state. It is a harsh proceeding and likely to lead to *117 great sacrifice of property, to sell a debt, even when the tribunal has jurisdiction over the debtor, but when the debtor resides in a distant state, it must almost invariably prove ruinous to the owner of the debt. We should not feel called upon by any principle of comity to give effect to such a proceeding.
We have considered the question in the strongest light in which it can be placed for the defendant, but while we are diffident in expressing an opinion as to the law of another state, in opposition to the action of its officers, wo ^strongly incline to the conclusion that the statutes of.New Jersey do not contemplate a sale of a debt where the debtor resides in that state, and much less where he resides in another jurisdiction. That these notes, under the statutes of New Jersey, regulating proceedings in attachment, are tobe regarded as choses in action, and not goods and chattels, is, we think, clearly to be inferred from the language of those statutes; and, if we understand the provision of the statute, choses in action are to bo assigned to the plaintiff and creditors proving their claims, and are not to be sold as goods and chattels. It also appears that choses in action, when so assigned, do not constitute a payment, but “ the moneys which may be received by virtue of such assignment, shall operate as payment.” If this view of the statutes of New Jersey be correct, the sale of the notes by the auditors was unauthorized and void; and it will be observed, that this sale never received judicial sanction, the record showing no action of the court confirming the sale and distribution made by the auditors.
These considerations bear upon another branch of the ease, the counter-claim of the defendant Miller, in which he insists that he is entitled to a credit for the amount applied to the payment of the debts of the plaintiff, under the proceedings in New Jersey. If, under the construction of the statutes of New Jersey, we have suggested, the sale of the notes was unauthorized and void, no right can be founded upon that transaction, and the claims against the plaintiff exist to their full extent. If the plaintiff should bo sued upon those claims, he could not rely upon an unauthorized and void transaction, as a payment or satisfaction. That they were so void might be shown as well by those prosecuting their claims against the plaintiff, as by the plaintiff himself. Rangely v. Webster, 11 N. H. 299, 306. Had property of the plaintiff, in fact being in New Jersey, been taken and appropriated to the payment of his debts, by a proceeding which only in another ^jurisdiction would be *118 regarded as invalid, this might be deemed a satisfaction. Id. 309. But such a result can not be claimed, where the proceeding is void in the place where it is had.
It necessarily follows, from the view we have taken of the proceedings in attachment, that they not only do not affect the property of the plaintiff in this state, but in no manner bind him personally. The record of those proceedings, therefore, constitute no evidence of any indebtedness due from the plaintiff to persons in New Jersey. He would be at full liberty, before he could be charged with those claims, to contest their validity and amount. We do not think he can be called upon to enter into such a contest in this case with the defendant, Miller. It can not be pretended that the defendant, or any of the parties under whom he claims, were authorized by the plaintiff, either expressly or by implication, to pay his debts. The defendant, therefore, could only claim as being subrogated to the part of the several claims of which the supposed payment has been made. Now there would be an insuperable difficulty in allowing him to sue the plaintiff for a fractional part of twenty different claims. -
The act for the protection of purchasers at judicial and tax sales, on which the defendant relies in his answer, has, we think, no application to this case. That act, so far as it affects judicial sales, supposes that the plaintiff or the defendant has title to the property, and that it is liable for the debt due to the plaintiff, but, from some defect in the proceedings, the attempt to make it liable has failed. The defect here is not a defect in the proceedings, which are all regular enough, but a defect in the title of all the parties to those proceedings, as against the plaintiff in this action.
In every view we can take of the counter-claim of the defendant, we see no ground upon which it can be sustained. A judgment will be rendered, finding that the notes given to the plaintiff by Carmichael and Wiley, are due *and unpaid; that they are secured by a mortgage on the premises; and unless the amount due shall be paid, the mortgaged premises shall be sold. In view of the circumstances of the case, a longer time than usual will be allowed before an order of sale is to be issued. The time will be six months. And we shall also order that each party pay his own costs.
Brinkerhoee, C. J., and Scott, Sutliee, and Peck, JJ., concurred.